UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DYUNNA TAYLOR, ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                             **NO. 21-1657**

**PRIVILEGE UNDERWRITERS**                                             **SECTION "B"(5)**
**RECIPROCAL EXCHANGE, ET AL.**

### ORDER & REASONS

Considering defendants Sharon Johnson and Privilege Underwriters Reciprocal Exchanges' motion to dismiss with prejudice pursuant to Fed. R. Civ. P. 41(b) (Rec. Doc. 37), plaintiffs Dyunna Taylor and Monte Taylor's response in opposition (Rec. Doc. 39), and plaintiffs' request for status conference (Rec. Doc. 41),

**IT IS ORDERED** that defendants motion to dismiss pursuant to Fed. R. Civ. P. 41(b) is **DENIED,** for the reasons stated below.

**IT IS FURTHER ORDERED** that plaintiffs' motion for status conference (Rec. Doc. 41) is **DENIED**. Plaintiffs' motion does not clarify the purpose for this requested conference. See Rec. Doc. 41. If it later appears that a status conference would be appropriate, it will be so ordered.

**IT IS FURTHER ORDERED** that **no later than Thursday, May 18, 2023 at 5:00 P.M.**, counsel for plaintiffs Dyunna Taylor and Monte

1

Taylor[1] shall **JOINTLY** show cause in writing, not to exceed five (5) pages in length, to:

(1) explain the discrepancy between the motion to continue (Rec. Doc. 28 at 2) and subsequent representations that plaintiffs are no longer receiving medical treatment and have not been since 2021 (Rec. Docs. 33, 35);

(2) explain why they did not immediately apprise the Court once they "cleared up with counsel for Defendant some time ago after a miscommunication regarding the status of Plaintiffs' treatment in December" (Rec. Doc. 39 at 5); and

(3) show cause for why counsel should not be sanctioned for this discrepancy and/or possible misrepresentation to the Court, and failure to keep the Court apprised on plaintiffs' treatment. *See* Rec. Doc. 40.

**The Court reserves the possibility of imposing reasonable and appropriate sanctions if there is evidence of misrepresentation to the Court and/or clear violations of court orders.**

### FACTUAL BACKGROUND

On December 5, 2022, parties filed a joint motion to continue trial and all deadlines. Rec. Doc. 28. The motion averred: "Plaintiffs are still undergoing treatment for the damages

---

[1] Craig S. Leydecker, Cassie Preston Gailmor, Ellen B. Thornton, and Kurt A. Offner are listed as counsel for plaintiffs in the above-captioned matter.

allegedly sustained in the September 24, 2020 motor vehicle accident" and additional medical discovery must be conducted. Rec. Doc. 28 at 2.[2] In view of the parties' representation, the Court granted the parties' request to modify the scheduling order on December 7, 2022, **but also** ordered that "within 30-days from entry of this order plaintiffs shall provide some documentation from their doctor describing the anticipated length of medical treatment necessary, that will be filed under seal." Rec. Doc. 29.

On April 13, 2023, because **over four months** had passed and plaintiffs' counsel failed to provide any medical documentation, the Court ordered plaintiffs' counsel to show cause in a joint memorandum for why they should not be sanctioned **AND** provide some medical documentation from their doctor describing their anticipated length of medical treatment necessary no later than May 1, 2023. Rec. Doc. 32. The Court's order also warned that failure to timely file such motion may lead to sanctions, including dismissal pursuant to Fed. R. Civ. P. 41(b). Plaintiffs' counsel timely complied with the Court's show-cause order but was **one-day late** in submitting their motion for leave to file under seal

---

[2] The joint motion failed to mention that parties missed the previous scheduling order established December 5, 2022 for exhibit and witness list submissions. Rec. Doc. 25 at 2. The previous scheduling order further clarified "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there have been compliance with this Minute Entry . . . without an order to do so issued on motion for good cause shown." Rec. Doc. 25 at 2.

plaintiffs' medical records. Rec. Docs. 33 and 35. **Plaintiffs also did not provide any reason for their delayed submission.**

Afterwards, defendants filed the instant motion to dismiss the case pursuant to Fed. R. Civ. P. 41(b). Rec. Doc. 37. Defendants contend that because counsel for plaintiffs has thrice failed to abide by the Court's previous Orders to timely submit medical documentation and anticipated length of treatment, they seemingly failed to prosecute this case, and the above-captioned matter should be dismissed with prejudice. Rec. Doc. 37-1 at 4-5. Plaintiffs disagree and argue that the motion to dismiss for failure to prosecute is inaccurate and misleading, particularly because counsel for plaintiffs have attempted to communicated with opposing counsel many times without success. Rec. Docs. 39.

On May 5, 2023, the Court declined imposing sanctions for plaintiffs' counsels' failure to timely comply with the Court's order. Rec. Doc. 40. However, based on plaintiffs' counsels' response to the Court's show cause order (Rec. Doc. 33) and medical documents filed under seal (Rec. Docs. 35-2 through 35-7), it appeared to the Court that plaintiffs have not undergone medical treatment since 2021. This was a stark contrast from the December 2022 joint motion to continue, which the Court granted largely because of the parties' previous representation that "Plaintiffs are still undergoing treatment for the damages alleged sustained

4

in the September 24, 2020 motor vehicle accident." See Rec. Docs. 28 at 40.

Critically, plaintiffs' counsel filings do not explain or mention this discrepancy and/or possible misrepresentation except a cursory notation that "Plaintiffs are not still undergoing treatment and do not anticipate returning to treatment." Rec. Doc. 35. Plaintiffs' filings do mention the previous representation that plaintiffs' medical treatment was ongoing was a "miscommunication" that was cleared up with counsel for defendants. Rec. Doc. 39 at 5. But again, plaintiffs' counsel does not explain why they did not immediately apprise the Court of this "miscommunication." Given these unanswered questions, the Court also included a second show cause order to explain this discrepancy and further explain why sanctions are not warranted. Rec. Doc. 40. To date, the Court has not received a satisfactory answer from plaintiffs' counsel.

## LEGAL STANDARD & ANALYSIS

Federal district courts may impose dismissal as a sanction for a plaintiff's failure to prosecute "to prevent undue delays in the disposition of pending cases and to avoid congestion." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). Fed. R. Civ. P. 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order

5

states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fifth Circuit authority clarifies: Dismissal with prejudice is only permissible where there is "a clear record of delay or contumacious conduct by plaintiff" and "where lesser sanctions would not serve the best interests of justice." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020) (*quoting In re Deepwater Horizon*, 907 F.3d 232, 235 (5th Cir. 2018)). "Because of the severity of such a sanction, however, we have limited the district court's discretion in dismissing cases with prejudice." *Id.* (internal citations omitted) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). **"We have previously deemed dismissal with prejudice to be a draconian remedy and a remedy of last resort."** *Id.* (emphasis added) (internal citations omitted) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) and *Batson v. Neal Spelce Assocs.*, 765 F.2d 511, 515 (5th Cir. 1985)).

Sanctions are arguably appropriate depending on the unique factual circumstances of a particular case. Based on our careful review of the record in this case, the Court concludes **dismissal pursuant to Fed. R. Civ. P. 41(b) is <u>not</u> the appropriate remedy, at least not at this juncture**.

6

Moreover, counsel for defendants[3] is recommended to carefully read the facts of the caselaw authority he provides. Rec. Doc. 37 at 3-4. Not only are the facts inapposite to the instant case, but the case authority expressly states that Fed. R. Civ. P. 41(b) is "a draconian remedy and a remedy of last resort." *Id.*

New Orleans, Louisiana this 15th day of May, 2023

                                                */s/ Ivan L.R. Lemelle*
                              SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Sean P. Sullivan is listed as counsel for defendants Privilege Underwriters Reciprocal Exchange and Sharon Johnson.